UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD F. JENKINS, | : CIVIL ACTION NO. 3:CV-12-2006 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| LT. CRAYTON, et al., | : |
| Defendants | : |

**MEMORANDUM**

FILED
SCRANTON
OCT 2 2 2012
PER ____ M.G.P.
DEPUTY CLERK

**Background**

Edward F. Jenkins, an inmate formerly confined in the Fayette State Correctional Institution ("SCI-Fayette), Labelle, Pennsylvania[1], filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. The named Defendants are all employees of SCI-Fayette.

Plaintiff's complaint centers around a September 11, 2010 assault by correctional officers in which his knee cap was cut. (Doc. 1, complaint). He states that he was then subject to a false misconduct, which resulted in his placement in the Restricted Housing Unit ("RHU") for three weeks, where his leg and big toe became infected due to lack of medical care. Id. Thus, the plaintiff filed the instant action in

---

[1] Plaintiff is currently housed in the State Correctional Institution, Huntingdon, Pennsylvania. (Doc. 1, complaint).

which he seeks compensatory and punitive damages.  Id.

**Discussion**

Venue for actions brought under § 1983 is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since all the named Defendants are located in Fayette County, and the incidents complained of emanate from Fayette County, which is located in the Western District of Pennsylvania, venue is properly in the Western District, not in this one; and the action should be dismissed or transferred.

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. Section 1406(a).  In the interest of justice, therefore, this case will be transferred to the Western District of Pennsylvania.  A separate Order will be issued.

Dated: October 22, 2012

_____
**United States District Judge**